UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COLLEEN NOVIT Individually and On Behalf of their Minor Child, E.N, <br> DANIEL NOVIT Individually and On Behalf of their Minor Child, E.N, <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN SCHOOL DISTRICT OF WARREN TOWNSHIP, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:21-cv-02168-TWP-TAB |

**ORDER ON PLAINTIFFS' MOTION
FOR SANCTIONS ON SPOLIATION**

This matter is before the Court on a motion for sanctions on spoliation by Plaintiffs Colleen Novit and Daniel Novit against Defendant Metropolitan School District of Warren Township related to video footage from the school bus where Plaintiffs' minor child suffered injuries. [Filing No. 11.] In August 2018, Defendant permitted Plaintiffs to view a video of the incident, which occurred on April 19, 2018, and subsequently produced the footage to Plaintiffs as part of discovery. On November 16, 2020, Plaintiffs informally requested extended video coverage from the bus on the date of the incident. [Filing No. 11-5.] Defendant informed Plaintiffs that it did not have any additional video from the date of the incident and that the bus hard drive had since been either looped over, wiped clean, or destroyed and used for parts. [Filing No. 11-10.] Plaintiffs argue that the hard drive was intentionally and/or negligently wiped or destroyed. Thus, Plaintiffs request that the Court order default judgment on the issue of liability or, in the alternative, order a spoliation instruction be presented to the jury. [Filing No. 11, at ECF p. 9-10.]

This underlying litigation originated in Marion County Superior Court, and Plaintiffs initially filed their motion there. On August 3, 2021, Defendant removed this matter to this Court. [Filing No. 1.] Nevertheless, because it was initially intended for state court, Plaintiffs' motion and the responsive briefing cite only to Indiana state trial rules and case law, rather than the Federal Rules of Civil Procedure and related case law. Now that the matter is in this Court, Fed. R. Civ. P. 37(e) governs, not Indiana Trial Rule 37. Accordingly, Plaintiffs' motion for sanctions on spoliation is denied without prejudice. Because the denial is without prejudice, Plaintiffs have leave to re-file a motion containing proper, applicable sources of law for matters in this Court.

Plaintiffs should give careful consideration to whether they want to refile this motion. "[A] default judgment should only be used in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun v. Board of Trustees of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007). Moreover, a spoliation sanction is proper only when a party has a duty to preserve evidence because he knew, or should have known, that litigation was imminent, and the movant demonstrates that the evidence was destroyed in bad faith, with the intent to deprive another party of the information's use in the litigation. Fed. R. Civ. P. 37(e). *See, e.g., Bracey v. Grondin*, 712 F.3d 1012, 1018-19 (7th Cir. 2013) ("In this circuit, when a party intentionally destroys evidence in bad faith, the judge may instruct the jury to infer the evidence contained incriminatory context. When considering the propriety of such an adverse inference instruction, the crucial element is not that the evidence was destroyed but rather the reason for the destruction. A party destroys a document in bad faith when it does so for the purpose of hiding adverse information." (Internal citations, quotation marks, and brackets omitted)).

Defendant argues that it preserved the relevant footage and acted reasonably by saving the relevant portion and then placing the bus hard drive back into operation. [Filing No. 15, at ECF p. 3.] At this point, the Court sees no evidence to support Plaintiffs' blanket accusation of spoliation. Such a blanket, unsupported accusation falls way short of the requirement for a spoliation sanction to be considered under Fed. R. Civ. P. 37(e).[1] Accordingly, Plaintiffs' motion for sanctions on spoliation is denied without prejudice, [Filing No. 11], but Plaintiffs should not view this "without prejudice" designation as an invitation to renew their motion.

Date: 8/24/2021

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[1] Even a lesser sanction such as an adverse inference instruction would typically be decided at the final pretrial conference or in the context of summary judgment, not at this early stage in litigation.